UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHEAN J.,[1]<br><br>    Plaintiff<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:21-cv-01800-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.   PROCEDURAL HISTORY

Plaintiff Shahean J. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs [Dkts. 16 ("Pl. Br.") & 17 ("Def. Br.")] addressing disputed issues in the case. The matter is now ready for decision. For the reasons set forth below, the Court finds that this matter should be affirmed.

---

[1]     In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed applications for DIB and SSI in January 2019, alleging disability beginning August 15, 2003. [Dkt. 15, Administrative Record ("AR") 15, 218-29, 232-37.] Plaintiff's applications were denied at the initial level of review and on reconsideration. [AR 15, 144-48, 150-54, 156-60.] A telephone hearing was held before Administrative Law Judge Elizabeth Stevens Bentley ("the ALJ") on December 15, 2020. [AR 15, 32-49.]

On January 20, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 15-26.] *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1). At step one, the ALJ determined that Plaintiff engaged in substantial gainful activity from January 2005 through December 2005 but had not engaged in substantial gainful activity from the alleged onset date of August 15, 2003 through December 31, 2004, and from January 1, 2006 through the date of the decision, January 20, 2021. [AR 17-18.] At step two, the ALJ determined that Plaintiff has the following severe impairments: epilepsy and bipolar disorder. [AR 18.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 19.] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels and is able to perform simple and routine tasks, but Plaintiff is not able to climb ladders, ropes, or scaffolds, must avoid concentrated exposure to hazards, is limited to occasional coworker contact, and must have no public contact. [AR 21.] At step four, the ALJ determined that Plaintiff has no past relevant work. [AR 25.] At step five, based on the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy, including representative occupations such as Hand Packager and Machine Feeder. [AR 25-26.] Therefore, the ALJ

1   concluded that Plaintiff has not been disabled from August 15, 2003, through the
2   date of the decision.  [AR 26.]
3       The Appeals Council denied review of the ALJ's decision on August 27,
4   2021.  [AR 1-6.]  This action followed.
5       Plaintiff contends that the ALJ's step five determination that Plaintiff can
6   perform the representative occupations of Hand Packager and Machine Feeder is
7   inconsistent with Plaintiff's RFC.  [Pl. Br. at 1-8.]
8       The Commissioner asserts that the ALJ's decision is supported by substantial
9   evidence and should be affirmed.  [Def. Br. at 1-7.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if:  (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  "Substantial evidence … is 'more than a mere scintilla' … [i]t means – and only means – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is more than a mere scintilla but less than a preponderance") (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "'the evidence is susceptible to more than one rational interpretation.'"  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).  However, the Court may review only the reasons stated by the ALJ in the decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  The Court will not reverse the

1  Commissioner's decision if it is based on harmless error, which exists if the error is
2  "inconsequential to the ultimate nondisability determination, or that, despite the
3  error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*,
4  806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff contends there is an inconsistency between Plaintiff's RFC limitation that she should "avoid concentrated exposure to hazards" and the ALJ's finding that Plaintiff can perform the jobs described in the Dictionary of Occupational Titles ("DOT") as Hand Packager[2] and Machine Feeder,[3] because both jobs involve

---

[2] The DOT description for the job of Hand Packager states:

> Packages materials and products manually, performing any combination of [the] following duties: Cleans packaging containers. Lines and pads crates and assembles cartons. Obtains and sorts product. Wraps protective material around product. Starts, stops, and regulates speed of *conveyor*. Inserts or pours product into containers or fills containers from spout or chute. Weighs containers and adjusts quantity. Nails, glues, or closes and seals containers. Labels containers, container tags, or products. Sorts bundles or filled containers. Packs special arrangements or selections of product. Inspects materials, products, and containers at each step of packaging process. Records information, such as weight, time, and date packaged.

DOT No. 920.587-018 (emphasis added).

[3] The DOT description for the job of Machine Feeder states:

> Feeds or removes metal, plastic, or other stock and material from *automatic fabricating machines*: Places stock into hoppers, onto *conveyors* of self-centering machine bed, or lifts coils of sheet metal or wire onto feedrack. Removes stock from *conveyor* and piles it into boxes, truck, or on feed *conveyor* for next operation. May push dual control buttons to activate machine. May work in pairs to feed or remove pieces from *machine*. May

"exposure to hazards such as dangerous/moving machinery." [Pl. Br. at 3-5.] Specifically, Plaintiff contends her need to avoid concentrated exposure to hazards precludes her from performing work as a Hand Packager, because the DOT lists that position as involving use of a "conveyor belt," which is "a type of dangerous moving machine." [Pl. Br. at 4.] Similarly, Plaintiff contends that the Machine Feeder job is precluded because it involves "feed[ing] or remov[ing] items/material from automatic fabricating machines as well as working with a conveyor belt." [Pl. Br. at 5.] A reversal or remand is not warranted on these bases.

"In making disability determinations, the Social Security Administration relies primarily on the [DOT] for information about the requirements of work in the national economy." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (internal quotation marks omitted); *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("[T]he best source for how a job is generally performed is usually the [DOT]."). When a VE's testimony regarding the requirements of a particular job contradicts the DOT, the record must contain "persuasive evidence to support the deviation." *Massachi*, 486 F.3d at 1153 (internal quotation marks and citation omitted); *see also* Social Security Ruling ("SSR")[4] 00-4P, 2000 WL 1898704, at *4 (2000)) ("When vocational evidence provided by a VE [ ] is not consistent with information in the DOT, the [ALJ] must resolve [the] conflict before relying on the VE [ ] evidence to support a determination or decision that the individual is or is not

---

thread sheet metal or wire through *machine*.
DOT No. 699-686-010 (emphasis added).

[4] The Commissioner issues SSRs "to clarify the [Social Security] Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (internal citations omitted).

1 disabled.").

2     Here, no apparent conflict exists between the VE's testimony and the DOT job descriptions for the Hand Packager and Machine Feeder jobs, as they relate to Plaintiff's need to avoid concentrated exposure to hazards.  Social Security Ruling 96-9p defines "hazards," for purposes of the DOT, to include "*moving mechanical parts of equipment, tools, or machinery*; electrical shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals."  SSR 96-9P, 1996 WL 374185, at *9 (Jul. 2, 1996) (emphasis added); *see also French v. Berryhill*, No. EDCV 17-0566-KS, 2018 WL 1322106, at *8 (C.D. Cal. Mar. 13, 2018) (referring to SSR 96-9P as "the [Social Security] Commissioner's own relevant definition of 'hazards'"); *Novoa v. Colvin*, No. CV 13-00219-MAN, 2014 WL 3854369, at *7-8 (C.D. Cal. Aug. 6, 2014) (relying on the SSR 96-9p definition of "hazards," as the "ALJ did not expand upon his definition of 'hazard' either in the RFC or in the hypothetical to the VE").  Plaintiff's contention that the Hand Packager and Machine Feeder jobs involve exposure to hazardous machinery is belied by the DOT job descriptions, which indicate that work in the proximity of moving mechanical parts is not required.  *See* DOT Nos. 699-686-010, 920.587-018; *see also* SSR 96-9P, 1996 WL 374185, at *9.  Specifically, the job descriptions for Hand Packager and Machine Feeder state that moving mechanical parts are "Not Present," meaning the "[a]ctivity or condition does not exist."  DOT Nos. 699-686-010, 920.587-018.  Because these jobs do not involve exposure to the hazards of working with "moving mechanical parts of … machinery," they do not involve exposure to hazardous machinery and are not in excess of Plaintiff's RFC.  SSR 96-9P, 1996 WL 374185, at *9; *see also Hernandez v. Colvin*, 2016 WL 805252, at *8 (C.D. Cal. Feb. 29, 2016) (rejecting argument that the occupation of hand packager was inconsistent with claimant's RFC precluding work with dangerous machinery because the DOT provides that the hazard of "[m]oving [m]echanical [p]arts" is not present and does not exist); *Anderson v.*

*Colvin*, 2015 WL 1005407, at *5 (C.D. Cal. Mar. 6, 2015) (agreeing that based on the DOT description, the hand packager occupation does not involve work around hazardous machinery); *Ramos v. Kijakazi*, No. 20-23478-CIV, 2021 WL 5746358, at *4-6 (S.D. Fla. Nov. 9, 2021), *report and recommendation adopted sub nom. Ramos v. Kijakazi*, No. 20-CV-23478, 2021 WL 5743332 (S.D. Fla. Dec. 2, 2021) (finding that RFC precluding work with "hazards" did not conflict with VE's testimony that claimant could perform work as a machine feeder). Moreover, none of the other hazards described in SSR 96-9p (*i.e.*, electric shock, high exposed places, radiation, explosives, and toxic caustic chemicals), are included in the job descriptions for Hand Packager or Machine Feeder. *See* DOT Nos. 699-686-010, 920.587-018. Thus, the ALJ did not err in crediting the VE's testimony, as it did not present an actual or apparent conflict with the DOT.

Accordingly, the ALJ's step five determination is supported by substantial evidence.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

**IT IS SO ORDERED.**

DATED: February 3, 2023

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE